IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, JACKSON HOLE CONSERVATION ALLIANCE SIERRA CLUB, WYOMING WILDERNESS ASSOCIATION, DEBRA PATLA, and MERLIN HARE,<br><br>        Plaintiffs,<br><br>  v.<br><br>LARRY TIMCHAK, Supervisor of the Caribou-Targhee National Forest; CAROLE HAMILTON, Supervisor of the Bridger-Teton National Forest; and the UNITED STATES FOREST SERVICE,<br><br>        Defendants. | Case No. CV-06-04-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it an expedited motion for change of venue filed by Defendants Larry Timchak, Carole Hamilton, and the United States Forest Service. The Court has carefully reviewed the briefs in this matter. Because the issues are uncomplicated, the Court will resolve the motion without oral argument.

**Memorandum Decision and Order - 1**

# BACKGROUND

Two of the plaintiffs here – Greater Yellowstone Coalition and Jackson Hole Conservation Alliance – previously filed suit in the District of Wyoming seeking a preliminary injunction to compel the Bridger-Teton National Forest to conduct a National Environmental Policy Act ("NEPA") analysis before issuing a five-year permit to High Mountain Heli-skiing.  A settlement agreement was reached in which the Forest Service agreed to conduct this analysis.  This lawsuit is a challenge to that analysis – as set forth in the Final Environmental Impact Statement (FEIS) – and the subsequent decision by the Forest Service to issue a Special Use Permit to High Mountain Heli-skiing.

Plaintiffs now contest the Forest Service's approval of a dramatic increase in helicopter skiing within the pristine Palisades area on the Idaho-Wyoming border.  The applicable Revised Forest Plan declares that this is "an area that must be managed to maintain its wilderness character pursuant to both the Caribou-Targhee forest plan and the Wyoming Wilderness Act," and requires that the Palisades on the Idaho side of the border "be managed to protect and perpetuate wilderness character."  Targhee National Forest 1997 Revised Forest Plan, III-78.  The Wyoming Wilderness Act requires that the Wyoming portion of the Palisades must be managed as a wilderness study area to "maintain [its] presently existing

**Memorandum Decision and Order - 2**

wilderness character" as of 1984, the year Congress passed that legislation. Pub. L. No. 98-550, § 301(c), 98 Stat. 2807 (1984).

On November 14, 2005 the supervisors of the Caribou-Targhee and Bridger-Teton National Forests authorized a 10-year special use permit that allows a major increase in helicopter skiing, including an almost twelve-fold increase over 1984 permit levels. In 1984, two helicopter skiing permit areas in the Palisades area together hosted slightly more than 100 helicopter skiers each winter. The Forest Service has now approved a Special Use Permit encompassing the entirety of the range, and allowing two helicopters to ferry 1,200 helicopter skiers into the Palisades each winter. Plaintiffs allege that under the Special Use Permit, helicopters "will buzz the Palisades Wilderness Study Area and recommended wilderness on the Idaho side of the border on virtually every day of good weather during the winter season, disturbing sensitive wildlife and depriving other recreationists of the opportunity to enjoy their public lands in quiet solitude." (Response to Motion for Change of Venue p. 4 ¶ 2).

This litigation challenges the Forest Service's forest planning and the statutory directives in its management of the wild National Forest lands remaining in the Palisades. Plaintiffs also challenge the Forest Service's NEPA analysis of the environmental impact of the helicopter skiing expansion. For a number of

**Memorandum Decision and Order - 3**

reasons, Defendants seek a change of venue to the District of Wyoming.

## ANALYSIS

Initially, the Court notes that venue is proper in the District of Idaho. The applicable venue statute provides that in a civil action in which a defendant is an officer or employee of the United States, or an agency of the United States, venue is proper:

> . . . in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. §1391(e). There is no question but that both the first and second grounds for venue are met here. Defendant Timchak, Supervisor of the Caribou-Targhee National Forest, maintains his office in Idaho Falls, Idaho, and a large portion of the area in dispute in the Caribou-Targhee National Forest is located within the District of Idaho.

However, venue would also have been proper in the District of Wyoming, as evidenced by the fact that the earlier lawsuit concerning the helicopter skiing permits was filed there. It is not unusual for venue to be proper in more than one district. In those instances, 28 U.S.C. § 1404(a) provides that,"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

**Memorandum Decision and Order - 4**

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).   The statute places discretion in the district court "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 812, 11 L.Ed.2d 945 (1964)).   The Ninth Circuit has suggested that in balancing the "preference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum," the trial court must require that the defendant "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2002), *vacated on other grounds*, 542 U.S. 952 (2004).

   The balancing conducted by the trial court should include consideration of a series of public and private factors.  Private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of views of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Gherebi*, 352 F.2d at 1302 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).   In considering these private factors, the Court concludes that nothing in

**Memorandum Decision and Order - 5**

the record suggests that trying this case in the District of Wyoming would be easier, more expeditious or less expensive than in the District of Idaho.[1]  There is no suggestion in the record that if this case were transferred to Wyoming, it would be easier for the parties to access evidence, compel attendance by reluctant witnesses, or arrange a site view of the affected area.

The public factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Gherebi*, 352 F.3d at 1302 (quoting *Piper Aircraft*, 454 U.S. 235, 241 n. 6 (1981)).  Again, none of these "public factors" suggest that it would be advantageous to have this matter tried in Wyoming.  The local interest in this case would appear to be equal on both sides of the Idaho-Wyoming border.  The resolution of this case will only involve the application of federal law – a task which judges in either district are capable of performing.  There are no conflict of law issues and no issues concerning the

---

[1] Indeed, the offices of all of the parties are considerably closer to the District of Idaho's courthouse in Pocatello, where all proceedings will be held, than the District of Wyoming's court facilities in Casper and Laramie.  Therefore, it would seem clear that this is a more convenient forum than is the District of Wyoming.

**Memorandum Decision and Order - 6**

application of foreign law.  Finally, the case does not involve any issues that will require the convening of a jury.

In short, none of the public or private factors that the Court must consider in applying 28 U.S.C. § 1404(a) weigh in favor of transferring this case to the District of Wyoming.  Clearly, the Defendants have failed to make the requisite "strong showing of inconvenience" to justify upsetting the plaintiff's choice of forum in this case.  Accordingly the Court will deny the motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion of Defendants Larry Timchak, Supervisor of the Caribou-Targhee National Forest; Carole Hamilton, Supervisor of the Bridger-Teton National Forest; and the United States Forest Service for a Change of Venue (Docket No. 7) shall be, and the same is hereby DENIED.

IT IS FURTHER ORDERED that the Defendant's Motion for an Extension of Time to File an Answer (Docket No. 8) is GRANTED and Defendants have

twenty days to respond.



DATED: June 14, 2006

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 8**