IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREATER YELLOWSTONE COALITION, JACKSON HOLE CONSERVATION ALLIANCE SIERRA CLUB, WYOMING WILDERNESS ASSOCIATION, DEBRA PATLA, and MERLIN HARE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LARRY TIMCHAK, Supervisor of the Caribou-Targhee National Forest; CAROLE HAMILTON, Supervisor of the Bridger-Teton National Forest; and the UNITED STATES FOREST SERVICE,<br><br>　　　　Defendants. | Case No.  CV-06-04-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Greater Yellowstone brought this suit to challenge the Forest Service's issuance of a permit allowing heli-skiing in the Palisades. The permit-holder, High Mountain Helicopter Skiing, Inc., seeks to intervene.

# BACKGROUND

**Memorandum Decision and Order – Page 1**

This action was brought by Greater Yellowstone Coalition, Jackson Hole Conservation Alliance, Sierra Club, Wyoming, Wilderness Association, Debra Patla, and Merlin Hare (collectively referred to as "Greater Yellowstone") against the Forest Supervisors Larry Timchak and Carole Hamilton and the Forest Service (collectively "Forest Service") alleging that the Forest Service's Final Environmental Impact Statement (FEIS) and subsequent decision to issue a Special Use Permit to High Mountain failed to comply with the Wyoming Wilderness Act, NEPA, and NFMA. Greater Yellowstone seeks a declaration that the FEIS violates NEPA, NFMA and the Wyoming Wilderness Act, and also to enjoin the Forest Service from issuing helicopter skiing permits in Palisades.

## ANALYSIS

High Mountain currently holds a permit allowing them to provide heli-ski tours in an area of the Caribou-Targhee and Bridger-Teton National Forests known as Palisades ("Palisades"). High Mountain argues that it is entitled to intervene for all purposes of the lawsuit because Greater Yellowstone seeks to ultimately enjoin the Forest Service from issuing helicopter skiing permits.

High Mountain's brief is more concerned with remedies than liability – they are the only entity holding a permit and it is obviously the foundation of their business. It is true that if this Court finds that the Forest Service failed to comply

**Memorandum Decision and Order – Page 2**

with its statutory duties, one remedial option available to the Court is to enjoin helicopter skiing under the helicopter skiing permits issued by the Forest Service. If that remedy is selected, it is likely that High Mountain will suffer substantial harm because it would not be able to continue its business operations.

High Mountain argues that it is entitled to intervene because it has a "significantly protectable" interest that could be impaired by this lawsuit and may not be adequately represented by the Forest Service. *See Sierra Club v. United States E.P.A.*, 995 F.2d 1478 (9th Cir. 1993). This Court has allowed parties in the same position as High Mountain to intervene for the limited purpose of addressing remedy issues, but has generally declined to allow such parties to intervene to address liability issues. *See, e.g., IWF v. Tower,* Civil Case No. 04-372-E-BLW, Memorandum Decision (filed February 1, 2005). Recently, the Court issued a decision in *WWP v. Forest Service*, Civil Case No. 05-189-E-BLW, Memorandum Decision (filed November 4, 2005), which reviewed the applicable decisions of the Ninth Circuit concerning intervention and concluded that the grazing permit holders in that case should be allowed to intervene, but only to address the appropriate remedy. There have been no subsequent decisions of the Ninth Circuit which would change this analysis. Thus, the Court's prior decisions in *Tower* and *WWP* appear to be well-supported by Ninth Circuit authority, and that same

**Memorandum Decision and Order – Page 3**

approach will be adopted here.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Intervene (Docket No. 9) be GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent it seeks to allow High Mountains Heli-skiing to intervene for the purpose of addressing the proper remedy should the Forest Service be found liable, but it is denied to the extent it seeks to intervene for the purpose of addressing the Forest Service's liability.



DATED:  **June 21, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 4**